**SAUL EWING LLP**
Matthew J. Antonelli, Esq. (SBN: 343144)
1919 Pennsylvania Avenue, N.W., Ste. 550
Washington, D.C. 20006
Telephone: 202-295-6608
Facsimile: 202-337-6065
Email: matt.antonelli@saul.com

*Attorney for Victim One, a Pseudonym*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTIM ONE, A PSEUDONYM,<br><br>          Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>          Defendant. | Case No.:  23-4610<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT - 18  U.S.C. § 1030**<br><br>**[JURY DEMAND]** |

Plaintiff**, VICTIM ONE, a pseudonym**, respectfully submits this Complaint against Defendant, **JOHN DOE** ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This action is for monetary damages stemming from Defendant's intrusive and unlawful access to Plaintiff's email accounts and Truist Bank account that resulted in an unauthorized and fraudulent $2,000.00 transfer from Plaintiff's Truist Bank account through ZellePay by Defendant to an unidentified account presumably owned and controlled by Defendant. Defendant did not have authority to access Plaintiff's computer systems, accounts, and devices. This breach and theft is only the beginning; based on information and belief, Defendant still maintains unauthorized access to the Plaintiff's computer systems, private data, accounts, and devices and has attempted several additional frauds that would have created losses well in excess of $5,000 if completed and has already forced Plaintiff to spend well over $5,000

to reclaim and protect Plaintiff's identity and accounts where possible. Accordingly, Plaintiff will continue to sustain emotional and economic damages as a result of this intrusive compromise.

2. Furthermore, Plaintiff brings this action as a John Doe complaint to use this Court's subpoena power to unmask the perpetrator responsible for the unlawful access and funds transfer, and to prosecute claims against those responsible for the harm inflicted on Plaintiff through their unlawful and malicious conduct.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, which provides a private cause of action for Plaintiff at 18 U.S.C. § 1030(g).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the residence of Defendant, venue may be proper under 28 U.S.C. §§ 1391(b)(1) or (3) also.

## DIVISIONAL ASSIGNMENT

5. Upon information and belief, the San Francisco division would be most appropriate for this case because of the physical location of Plaintiff's counsel and because of the number of likely third-party subpoena targets in or around San Francisco. Defendant's identity and whereabouts are unknown at this time and not factored into this allegation.

## PARTIES

6. Plaintiff is an individual whose additional identification characteristics can be disclosed to the Court under seal as needed.

7. Upon information and belief, Defendant John Doe is an individual whose name and address of residence are unknown. Although John Doe's true name, identity, and physical location are unknown at this time, Plaintiff intends to investigate the same through this Court's subpoena power as soon as practical in this litigation.

8. Plaintiff will amend this Complaint to allege John Doe's true name when ascertained. Based on information and belief, the fictitiously named Defendant is responsible for the violations alleged herein, and Plaintiff's injuries and damages as alleged were proximately caused by such conduct.

## ALLEGATIONS

9. On July 16, 2023, Plaintiff received a notification from Truist Bank that $2,000.00 was sent from Plaintiff's bank account via ZellePay to "Mike."

10. Plaintiff did not initiate this payment.

11. After investigating the unauthorized transfer, Plaintiff discovered that Defendant had unlawfully accessed Plaintiff's @juno.com account and used it to reset and modify the password to Plaintiff's @yahoo.com account and, in turn, unlawfully access and modify Plaintiff's Truist Bank account and related user profile.

12. Plaintiff's @juno.com, @yahoo.com, and Truist Bank accounts were password-secured.

13. Plaintiff's @yahoo.com account is hosted and maintained by Yahoo! Inc., which based in Sunnyvale, California.

14. Plaintiff did not receive any early notification that Defendant had compromised Plaintiff's @juno.com account, @yahoo.com account, or Truist Bank account because Defendant engaged in late-night hacking across multiple Plaintiff accounts and had modified Plaintiff's e-mail accounts to intentionally conceal Defendant's unlawful conduct by sending two-factor-authentication access codes to unauthorized accounts and/or by deleting or rerouting password-reset, log-in, and/or transfer notices.

15. Plaintiff's investigation into the fraudulent payment revealed the following events:

   a. On July 15, 2023 at 2252Z, Plaintiff received an email notification to Plaintiff's @juno.com account from Yahoo indicating that Plaintiff was attempting to sign into Plaintiff's @yahoo.com account. The notification from Yahoo included a one-time access code that, if used, permitted a one-time temporary account access.

   b. Plaintiff did not request a one-time code from Yahoo to access Plaintiff's @yahoo.com account on July 15, 2023. In fact, Defendant unlawfully requested that one-time code from Yahoo and had unlawful access to Plaintiff's @juno.com account, which Defendant used to intercept that one-time code. That one-time access code was then used by Defendant to unlawfully access Plaintiff's @yahoo.com account.

   c. On that same date and within twenty minutes of the Juno/Yahoo emails, Plaintiff received an email notification that the password for Plaintiff's Microsoft @outlook.com account was changed. Plaintiff did not reset the password for Plaintiff's Microsoft @outlook.com account.

   d. Defendant unlawfully accessed and compromised Plaintiff's @outlook.com account using an unfamiliar computer with an unfamiliar Media Access Control (*"MAC"*) address operating from an unfamiliar location. Plaintiff is not associated with this computer, MAC address, or location.

   e. Based on information and belief, Defendant appears to have initially and unlawfully accessed and compromised Plaintiff's @juno.com account by yet-discovered means.

   f. Plaintiff's @juno.com account is registered as an alternative email account to which to receive email verification and security notifications from Plaintiff's @yahoo.com account.

   g. Defendant unlawfully accessed and compromised Plaintiff's @yahoo.com account by resetting its password and then logging in using an unfamiliar computer with an unfamiliar Internet Protocol (*"IP"*) address. Plaintiff is not associated with this computer or IP address.

   h. Plaintiff's @yahoo.com account is registered as an authorized account for Plaintiff's Truist Bank account to send statements, alerts, recovery codes, and other information.

   i. Truist Bank sent an alert to Plaintiff's compromised @yahoo.com account that contained a one-time access passcode permitting the recipient to temporarily access Plaintiff's Truist Bank account. Plaintiff neither attempted to access Plaintiff's Truist Bank account at that time nor had Plaintiff requested a one-time access code from Truist Bank.

   j. On July 15, 2023, Plaintiff's Truist Bank account was accessed by an unauthorized individual using an Apple MacOS 10.15 operating system to run a Microsoft EDGE browser (version 114.0.1823.82). This log-in activity is not associated with Plaintiff. Based on information and belief, this MacOS is associated with Defendant.

k. Plaintiff's Truist Bank account contains extremely sensitive personal identifying information and payment card information associated with Plaintiff's financial accounts.

l. Based on information and belief, Defendant compromised Plaintiff's @yahoo.com email account, which, in turn, Defendant used to unlawfully access Plaintiff's Truist Bank account.

m. Funds from Plaintiff's Truist Bank account can be sent to another bank account via ZellePay, which is an entity that facilitates quick money transfers between accounts held by different individuals.

n. On July 16, 2023, Defendant accessed Plaintiff's compromised @yahoo.com account to sign into Plaintiff's compromised @outlook.com account. Defendant accessed Plaintiff's @yahoo.com and @outlook.com accounts using an unfamiliar computer, unfamiliar MAC address, and from an unfamiliar location. Plaintiff is not associated with this computer, MAC address, or location.

o. Defendant took control of and changed the password to Plaintiff's @juno.com account to prevent Plaintiff's access to Plaintiff's own account.

p. Defendant changed the primary contact information associated with Plaintiff's Truist Bank account from Plaintiff's compromised @yahoo.com email to a Google email, returnofthemac1337@gmail.com. Plaintiff is not associated with the returnofthemac1337@gmail.com email account. Based on information and belief, the returnofthemac1337@gmail.com email account is associated with Defendant. Google LLC, based in Mountain View, California, maintains and hosts this email account.

q. Based on information and belief, Defendant changed the contact information without authorization in a deliberate attempt to hide the unlawful compromise of Plaintiff's @yahoo.com and Truist Bank accounts by rerouting communications to an account Defendant solely controlled.

r. Consequently, on July 16, 2023, a funds transfer for $2,000.00 was initiated from Plaintiff's Truist Bank account via ZellePay to "Mike" at some unknown bank account.

Based on information and belief, the transfer was received by Defendant or an unknown co-conspirator associated with Defendant.

16. Plaintiff's Truist Bank mobile phone application logs show that each instance of unauthorized access to Plaintiff's Truist Bank account occurred by Defendant using the aforementioned MacOS 10.15 operating system running a Microsoft EDGE browser (version 114.0.1823.82).

17. On or about July 17, 2023, Defendant again accessed Plaintiff's compromised @yahoo.com account to sign into Plaintiff's compromised @outlook.com email address. Defendant accessed Plaintiff's @yahoo.com and @outlook.com accounts using an unfamiliar computer, unfamiliar MAC address, and from an unfamiliar location. Plaintiff is not associated with this computer, MAC address, or location.

18. Upon information and belief, Defendant has accessed numerous sensitive files, financial information, and private data regarding Plaintiff and other assets owned by Plaintiff by unlawfully accessing Plaintiff's cloud storage tied to Plaintiff's @outlook.com account.

19. Truist Bank prohibited all users – including Plaintiff – from accessing Plaintiff's accounts. Multiple attempts to access Plaintiff's accounts have continued to be made and logged – and are not being attempted by Plaintiff. Upon information and belief, these additional attempts are perpetrated by the Defendant, attempting to steal even more money and data from Plaintiff through unauthorized computer access.

20. Likewise, since mid-July 2023 and continuing through the present day, Defendant is using Plaintiff's identification information and data found within the compromised @juno.com, @yahoo.com, and @outlook.com accounts to attempt to unlawfully access other accounts of Plaintiff (and unlawfully create new accounts purporting to be Plaintiff but controlled by Defendant) at other email service providers, social-media platforms, online retail stores, and financial institutions (including a cryptocurrency exchange)—some of which are located in or around San Francisco or otherwise within the Northern District of California. Given the sensitivity and ongoing nature of the continued unlawful-access and fraud attempts that are under

investigation by both law enforcement and Plaintiff's own private investigator, further detail can be provided under seal as requested by the Court.

21. Despite Plaintiff's efforts, Plaintiff is unable to ascertain the identity of Defendant, and Plaintiff brings this action uncover Defendant's identity.

## COUNT I

## (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT)

## (18 U.S.C. § 1030)

22. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-21 above.

23. Plaintiff's computers and internet and personal accounts not only contain sensitive personal and financial information but are also used in and affect interstate commerce.

24. Defendant, and/or others acting in concert with Defendant, or with their knowledge, without authorization knowingly accessed, modified settings within, initiated fraudulent transfer instructions, and obtained sensitive personal and financial information from Plaintiff's computers and devices, as well as internet and personal accounts, in violation of 18 U.S.C. § 1030(a)(2)(c) resulting in present and continuing monetary damages to Plaintiff exceeding the statutory minimum for civil liability.

25. Alternatively, Defendant, and/or others acting in concert with Defendant, or with their knowledge, without authorization knowingly accessed with intent to defraud, modified settings within, initiated fraudulent transfer instructions, and obtained sensitive personal information from Plaintiff's computers and devices, as well as internet and personal accounts, in violation of 18 U.S.C. § 1030(a)(4) resulting in present and continuing monetary damages to Plaintiff exceeding the statutory minimum for civil liability.

26. Alternatively, Defendant, and/or others acting in concert with Defendant, or with their knowledge, without authorization knowingly and with intent to defraud accessed, modified settings within, initiated fraudulent transfer instructions, and obtained information from Plaintiff's computers and devices, as well as internet and personal accounts, which necessarily affect

1  interstate commerce, in violation of 18 U.S.C. § 1030(a)(6)(a) resulting in present and continuing
2  monetary damages to Plaintiff exceeding the statutory minimum for civil liability.

3      27.    As a direct result of Defendant's actions, Plaintiff has sustained, and will continue
4  to sustain, substantial injury, loss, and damage and seeks compensatory and punitive damages
5  under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

### JURY TRIAL DEMAND

7      28.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury
8  as to all issues so triable in this action.

### PRAYER FOR RELIEF

10  **WHEREFORE**, Plaintiff, **VICTIM ONE, A PSEUDONYM**, demands judgment in
11  Plaintiff's favor against Defendant, **JOHN DOE,** as follows:

12      A.    For judgment in favor of Plaintiff, and against Defendant, for compensatory
13  damages, punitive damage, and other monetary damages, fees, and costs in such amounts as may
14  be proven at trial;

15      B.    For reasonable attorneys' fees; and

16      C.    For such other relief as the Court may deem just and proper.

18  Date:  September 7, 2023        Respectfully submitted,

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli, Esq. (SBN: 343144)
**SAUL EWING LLP**
1919 Pennsylvania Avenue, N.W., Ste. 550
Washington, D.C. 20006
Telephone: 202-295-6608
Facsimile: 202-337-6065
Email: matt.antonelli@saul.com