**SAUL EWING LLP**
Matthew J. Antonelli, Esq. (SBN: 343144)
1919 Pennsylvania Avenue, N.W., Ste. 550
Washington, D.C. 20006
Telephone: 202-295-6608
Facsimile: 202-337-6065
Email: matt.antonelli@saul.com

*Attorney for Victim One, a Pseudonym*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTIM ONE, A PSEUDONYM<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>Defendant. | Case No.: 3:23-cv-04610<br><br>**PLAINTIFF, VICTIM ONE'S EX PARTE MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>**[N.D. Civ. L.R. 7-10]** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Plaintiff Victim One, a pseudonym, hereby makes this *Ex Parte* Motion to Proceed under a Pseudonym used in the publicly filed Complaint.

    This application is based upon: the Memorandum of Points and Authorities; all pleadings and evidence on file in this matter; and upon such additional evidence or arguments as may be accepted by the Court.

Dated: September 7, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Matthew J. Antonelli*
　　　　　　　　　　　　　　　　　　　　Matthew J. Antonelli, Esq. (SBN: 343144)
　　　　　　　　　　　　　　　　　　　　SAUL EWING LLP
　　　　　　　　　　　　　　　　　　　　1919 Pennsylvania Avenue, N.W., Ste. 550
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　Telephone: 202-295-6608
　　　　　　　　　　　　　　　　　　　　Facsimile: 202-337-6065
　　　　　　　　　　　　　　　　　　　　E-Mail: matt.antonelli@saul.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Victim One, a pseudonym (*"Plaintiff"*), through Matthew J. Antonelli[1] of Saul Ewing LLP, submits this Memorandum of Law in Support of Plaintiff's *Ex Parte* Motion to Proceed under a Pseudonym used in the publicly filed Complaint. *See* (ECF Doc. #1 [hereinafter Compl.]). Plaintiff brought this action against John Doe (*"Defendant"*) under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, for stealing Plaintiff's personal and financial property, unlawfully and intrusively compromising Plaintiff's financial and personal accounts, and otherwise causing Plaintiff significant present and future emotional and economic damage. Plaintiff has filed the Complaint under the caption "Victim One, a pseudonym."

As explained below, openly identifying Plaintiff in support of efforts to unmask and prosecute Defendant – a malicious unidentified criminal – places Plaintiff at risk of great personal, financial, and familial harm. Specifically, the sensitive nature of this lawsuit against Defendant implicates Plaintiff's otherwise-extremely-private personally identifying information, digital accounts, and sensitive financial information – which reflect Plaintiff's considerable net worth. This exposure would unduly subject Plaintiff to sustained computer fraud and Plaintiff's family to an increased risk of trauma, personal harm, kidnapping, and ransom in Plaintiff's resident country or while traveling.

Plaintiff's request is limited to only shielding the ***public*** from Plaintiff's identity and associating that identity with Plaintiff's victimization. Defendant clearly knows Plaintiff's identity, given Defendant's unlawful compromise of Plaintiff's personal accounts. As the identity of Defendant is presently unknown, the Motion will not be opposed by Defendant (and indeed merely puts Plaintiff in the same public anonymized position as Defendant). Plaintiff proceeding anonymously would not subject Defendant to *any* prejudice. Therefore, it would be unconscionable to reveal Plaintiff's identity and all but provide a public roadmap for a future fraudster to victimize another innocent person. The Court should grant Plaintiff's Motion because

---

[1] The undersigned attorney hereby acts as affiant of the factual averments made herein.

1

Plaintiff's need for anonymity outweighs prejudice to Defendant – an unknown fraudster – and the public's interest in knowing Plaintiff's identity.

## II. FACTUAL BACKGROUND[2]

Plaintiff has amassed a sizable net wealth through early investment in major technology assets.  Though Plaintiff is an American citizen, Plaintiff's current country of residence, unfortunately, is subject to rampant violence against and kidnapping of wealthy individuals or their family members.  Needless to say, Plaintiff's fear of harm erupted on July 16, 2023, when Plaintiff received a notification from Truist Bank that $2,000.00 was sent from Plaintiff's United States bank account via ZellePay to "Mike."  Compl. at ¶ 9.  Plaintiff did not initiate this payment and promptly began investigating the unlawful transfer, given that Plaintiff's sensitive financial information and net wealth had been exposed and that Plaintiff and Plaintiff's family were potentially at risk of physical harm or kidnapping if Defendant could physically access them.  *Id.* at ¶¶ 10-11.

Plaintiff discovered that Defendant had unlawfully accessed and modified settings within Plaintiff's @juno.com and @yahoo.com email accounts and, in turn, Plaintiff's Truist Bank account and related user profile. Compl. at ¶ 10.  All accounts were password-secured.  *Id*. at ¶ 11.  Defendant's nefarious modifications targeted Plaintiff's @juno.com, @yahoo.com, and @outlook.com accounts, which included sending reset codes or two-factor-authentication access codes to unauthorized accounts and/or by auto-deleting or rerouting log-in and/or transfer notices.  *Id.* at *passim*.  This level of unlawful access by Defendant gives rise to the reasonable inference that Defendant knows exactly who Plaintiff is and where Plaintiff lives – and desires to continue targeting Plaintiff.

Defendant has continued to attempt to access, and has accessed, Plaintiff's accounts to steal even more money and data from Plaintiff through unauthorized computer access.  *Id*.  Since mid-July 2023 and continuing through the present day, Defendant has been using Plaintiff's

---

[2]    These facts are derived from the allegations in the Complaint.  Courts in the Ninth Circuit do not require plaintiffs to obtain leave of the court before filing an action using a pseudonym. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011).

1   identification information and data found within the compromised @juno.com, @yahoo.com, @outlook.com, and Truist Bank accounts to attempt to unlawfully access other accounts of and creating accounts that purportedly belong to Plaintiff at other email service providers, social-media platforms, online retail stores, and financial institutions, including a cryptocurrency exchange. *Id.* at ¶ 18. After diligent efforts, Plaintiff has been unable to discover the identity of Defendant. *Id.* at ¶ 19.

III.   **ARGUMENT**

   a.   **Legal Standard**

Rule 10 of the Federal Rules of Civil Procedure requires every complaint include the name of all parties. Fed. R. Civ. P. 10(a). However, courts permit a party to proceed in anonymity where special circumstances justify the secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Courts have permitted a party to proceed with anonymity where identification creates a risk of retaliatory physical or mental harm or when it is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Id.* (internal citations omitted); *see Anonymous v. C.I.R.*, 127 T.C. 89, 94-5 (2006) (permitting anonymity, finding rational "Petitioner fears that publicizing petitioner's identity and financial circumstances will increase the risk that either petitioner or a member of petitioner's family will be the target of another kidnapping and that petitioner's life or the lives of petitioner's family will be placed in jeopardy"); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (permitting anonymity where litigation involved the emotional and psychological impact of being a human trafficking and sexual assault victim).

This case implicates the need to preserve highly sensitive and personal information and the risk of retaliation. Together, these factors demonstrate a need to proceed using pseudonyms.

### b. Plaintiff's Claim Requires Disclosure of Personally Sensitive Information

To proceed in this litigation, Plaintiff will be required to disclose highly sensitive and personal and financial banking information, which would publicly reveal Plaintiff's significant net worth and information, exposing Plaintiff's location, Plaintiff's major assets, and the identity of Plaintiff's family. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 786 (N.D. Cal. 2019) (financial information is federally protected); U.S.S.G. § 2B1.1 cmt. n. 13(A) (2008) ("'Personal information' means sensitive or private information" including "financial records" or "similar information"); Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422.  The compound disclosure of Plaintiff's personally identifiable and financial information would not only provide the public with a blueprint to further invade the privacy of or financially victimize Plaintiff or other innocent persons but also subject Plaintiff and Plaintiff's family to an elevated risk of kidnapping and harm, given the exposure of Plaintiff's net wealth and physical location.

### c. Defendant Would Not be Prejudiced by the Anonymity

Defendant will not be prejudiced by the anonymity.  Indeed, Plaintiff seeks only to shield Plaintiff's identity from the ***public*** view.  Defendant knows Plaintiff's identity, as Defendant unlawfully accessed and abused information from Plaintiff's personal @juno.com, @yahoo.com, @outlook.com, and Truist Bank accounts.  Conversely, the identity of Defendant is presently unknown.  Plaintiff is diligently attempting to learn Defendant's identity to serve Defendant with the Complaint in this action, prosecute, and terminate Defendant's unlawful conduct.  Accordingly, this Motion will be unopposed, which alone compels granting anonymity. *See Poozesh v. Pompeo*, No. 119CV01466LJOSKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (Granting Doe Plaintiffs' unopposed request to proceed anonymously); *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017) (granting unopposed motion); *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (non-objection from the defendant carries

considerable weight when assessing whether the defendant would be prejudiced by the anonymity).

### d. Publicly Identifying Plaintiff Puts Plaintiff and Plaintiff's Family at Risk of Retaliation

When a party asserts a fear of retaliation, a court must assess a party's need for anonymity by evaluating: (1) the severity of the threatened harm, (2) the reasonableness of the party's fears, and (3) the party's vulnerability to retaliation. *Advanced Textile Corp.*, 214 F.3d at 1067. At each stage of this assessment, the court should evaluate "the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.*

#### i. The Severity and Reasonable Fear of Harm to Plaintiff and Plaintiff's Family are Significant.

Anonymity is allowed when identification generates a risk of "physical[,] mental[,] or economic injury." *Advanced Textile*, 214 F.3d at 1068, 70. To proceed anonymously, a party's fear of harm must be objectively reasonable. *Id.* at 1063; *EEOC v. ABM Indus.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008). The party is "not required to prove" that the harm will in fact be carried out, but rather must show that "a reasonable person would believe that the threat might actually be carried out." *Advanced Textile*, 214 F.3d at 1071. A court is required to "consider the surrounding context and other listeners' reactions to the threats." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1044 (9th Cir. 2010).

*Anonymous v. C.I.R.* is illustrative. There, the court held that the petitioner could proceed anonymously based on petitioner's showing that, were his identity or significant financial circumstances disclosed, the safety of petitioner and his family would be in jeopardy from the "rampant" kidnapping problem in petitioner's home country. 127 T.C. at 94. The court determined that petitioner had sufficiently demonstrated a risk of severe harm that outweighed the risk of prejudice to the respondent and the public's interest in access to judicial records. *Id.*

Here, Plaintiff is still subjected to unlawful digital compromise by Defendant. *See* Compl. at ¶ 20. Were Plaintiff's identity openly revealed in this case, a roadmap for computer fraud could be created. Given knowledge of Plaintiff's accounts along with the ability of fraudsters to locate and use public details about Plaintiff to make new fake accounts in Plaintiff's name, a tidal wave of opportunity would be created for fraudsters to attempt to steal money or sensitive personal information from Plaintiff or other innocent victims. Furthermore, as in *C.I.R.*, publicly disclosing Plaintiff's considerable net worth markedly elevates the risk that either Plaintiff or a member of Plaintiff's family will be a target of harm or kidnapping, given the ubiquity of these crimes in Plaintiff's resident country and the fact that Plaintiff is already targeted by criminals attempting to obtain wealth by computer hacking and fraud. Nevertheless, Plaintiff is more than willing to provide sealed copies of additional supporting documents or affidavits to the Court if necessary. The rational and legitimate harm that Plaintiff has identified if Plaintiff's identity were exposed in this matter falls squarely within the types of harm that establishes a need to proceed pseudonymously. *Id.*; *Nielsen*, 2017 WL 6541446, at *4 (finding details about the violence and kidnapping anonymous plaintiff faced, where they faced it, from whom, and their current locations sufficient to award anonymity); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (Doe plaintiff's identification "would likely increase his risk of such harm from other persons").

    ii. <u>Plaintiff and Plaintiff's Family are Particularly Susceptible to Retaliation</u>.

There is no question that Plaintiff and Plaintiff's family are vulnerable to retaliation, were Plaintiff's identity revealed. "Vulnerability is established by the party's dependence on anonymity to avoid retaliatory harm." *Nielsen*, 2017 WL 6541446, at *4 (internal citation omitted). As noted above, Plaintiff continues to be victimized, as Defendant abuses the identifying information and personal data found within the compromised accounts to unlawfully access other accounts of Plaintiff and to create accounts purportedly belonging to Plaintiff at other email service providers, social-media platforms, online retail stores, and financial institution, including a cryptocurrency exchange. *Id.* at ¶ 20.

Moreover, the privacy interests between Plaintiff and Plaintiff's child are "intractably intertwined," such that the child's identity would essentially be revealed unless Plaintiff were granted anonymity. *See, e.g.*, *Eley v. D.C.*, No. 16-CV-806, 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016) (discussing parents' anonymity interest in the context of Individuals with Disabilities Education Act suits). Indeed, "child-plaintiffs" are deemed "to be especially vulnerable, warranting their anonymity." *Nielsen*, 2017 WL 6541446, at *4 (citations omitted). Moreover, Federal law protects the identity of Plaintiff's child in cases that do not even involve the potential for extreme persecution and threats of bodily harm to minors. *See* Fed. R. Civ. 5.2(a)(3). Associating Plaintiff's child with Plaintiff's significant net worth and currently compromised identity/accounts in this lawsuit markedly elevates the risk that Plaintiff's child will be the subject of harm or kidnapping. Revealing Plaintiff's identity could effectively eviscerate the protection created by Federal Rule 5.2(a)(3).

### e. The Public Interest In Preventing Continued Fraud And Illegal Digital Compromise Would Be Furthered By Anonymity.

Finally, courts consider how the public's interest in the matter would best be served. Federal Rule of Civil Procedure 10(a) requires that all complaints list the names of the parties. The purpose of this rule is not simply administrative; it is "to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Texaco, Inc.*, 2006 WL 2850035, *6 (N.D. Cal. Oct. 5, 2006) (internal citation omitted). As explained above, the public can easily understand the facts and events of this case with Plaintiff proceeding under a pseudonym. Further, the public does not need a roadmap to perpetuate further illegal access to and compromise of accounts containing personally identifiable information belonging to Plaintiff or another innocent victim. Therefore, ordering the exposure of Plaintiff's identity (thus providing clear instructions for future exfiltration) all but assures the further proliferation of computer fraud and abuse.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff requests that the Court grant this Motion and permit Plaintiff to proceed in this litigation anonymously.

Date: September 7, 2023  Respectfully submitted,

<u>/s/ Matthew J. Antonelli</u>
Matthew J. Antonelli, Esq. (SBN: 343144)
**SAUL EWING LLP**
1919 Pennsylvania Avenue, N.W., Ste. 550
Washington, D.C. 20006
Telephone: 202-295-6608
Facsimile: 202-337-6065
Email: matt.antonelli@saul.com