1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    A PSEUDONYM VICTIM ONE,                    Case No.  23-cv-04610-KAW

8               Plaintiff,

9          v.                                   **ORDER RE EX PARTE MOTION FOR
                                                EXPEDITED DISCOVERY**
10   JOHN DOE,                                   Re: Dkt. No. 7

11              Defendant.

12

13         On September 7, 2023, Plaintiff filed the instant case against Doe Defendant, asserting

14   violations of the Computer Fraud and Abuse Act ("CFAA").  (Compl. at 1, Dkt. No. 1.)  Plaintiff

15   alleges that on July 16, 2023, he received a notification from Truist Bank of an unauthorized

16   transfer of $2,000 from his bank account via ZellePay to "Mike."  (Compl. ¶¶ 9-10.)  When

17   investigating the unauthorized transfer, Plaintiff discovered that Doe Defendant unlawfully

18   accessed his @juno.com account to reset and modify the password to Plaintiff's @yahoo.com

19   account, which Doe Defendant then used to unlawfully access and modify Plaintiff's Truist Bank

20   account.  (Compl. ¶ 11.)  Plaintiff alleges that Doe Defendant also allegedly accessed and

21   compromised Plaintiff's @outlook.com account using an unfamiliar computer from an unfamiliar

22   location, as well as Plaintiff's @yahoo.com account using an unfamiliar computer with an

23   unfamiliar Internet Protocol address.  (Compl. ¶¶ 15(d), (g).)  Additionally, Doe Defendant

24   allegedly used information from the compromised @juno.com, @yahoo.com, and @outlook.com

25   e-mails to try to unlawfully access other accounts of Plaintiff, as well as to create new accounts

26   purporting to be Plaintiff's.  (Compl. ¶ 20.)

27         On October 19, 2023, Plaintiff filed the instant ex parte motion for expedited discovery,

28   seeking the true identity of Doe Defendant from Google LLC, Yahoo! Inc., Truist Financial

United States District Court
Northern District of California

1    Corporation, Early Warning Services, LLC ("Zelle"), United Online ("Juno"), and Microsoft

2    Corporation.  (Pl.'s Mot. at 2, Dkt. No. 7.)  The Court deemed this matter suitable for disposition

3    without a hearing pursuant to Civil Local Rule 7-1(b), and VACATED the December 7, 2023

4    hearing.

5        The Court finds Plaintiff has failed to demonstrate that he is entitled to early discovery.  In

6    general, Federal Rule of Civil Procedure 26(d)(1) permits a court to authorize early discovery if

7    there is good cause.  Further:

8            In determining whether there is good cause to allow expedited
             discovery to identify anonymous internet users named as doe
9            defendants, courts consider whether: (1) the plaintiff can identify the
             missing party with sufficient specificity such that the Court can
10           determine that defendant is a real person or entity who could be sued
             in federal court; (2) the plaintiff has identified all previous steps
11           taken to locate the elusive defendant; (3) the plaintiff's suit against
             defendant could withstand a motion to dismiss; and (4) the plaintiff
12           has demonstrated that there is a reasonable likelihood of being able
             to identify the defendant through discovery such that service of
13           process would be possible.

14   *OpenMind Sols., Inc. v. Doe*, No. C 11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, at *3 (N.D.

15   Cal. Oct. 7, 2011).

16       First, Plaintiff fails to identify Doe Defendant "with sufficient specificity, demonstrating

17   that each Defendant is a real person or entity who would be subject to jurisdiction in this Court."

18   *OpenMind Sols., Inc.*, 2011 U.S. Dist. LEXIS 116552, at *5.  Specifically, Plaintiff has not

19   explained why Doe Defendant would be subject to the jurisdiction of this Court, as Doe

20   Defendant's activities seem directed at Plaintiff, who does not appear to reside in California.  (*See*

21   Pl.'s Mot. at 3 (stating that while "Plaintiff is an American citizen, Plaintiff's current country of

22   residence, unfortunately, is subject to rampant violence").)  Plaintiff asserts that the Court would

23   have jurisdiction over Doe Defendant because Doe Defendant unlawfully accessed Plaintiff's

24   @yahoo.com account using a gmail.com account, and that the @yahoo.com and @gmail.com

25   accounts are hosted and maintained in California.  (*Id.* at 8.)  Plaintiff cites no authority showing

26   that this is sufficient to create jurisdiction; indeed, this would suggest that any case involving the

27   use of a @yahoo.com or @gmail.com account would give rise to jurisdiction in the Northern

28   District of California.  *But see OOO Brunswick Rail Mgmt. v. Sultanov*, No. 5:17-cv-00017-EJD,

United States District Court
Northern District of California

United States District Court
Northern District of California

1  2017 U.S. Dist. LEXIS 8374, at *6-7 (N.D. Cal. Jan. 20, 2017) (rejecting argument that the use of

2  a @gmail.com account created personal jurisdiction in California, and noting that under such a

3  theory "every one of Gmail's one billion users . . . would be subject to personal jurisdiction in

4  California based solely on their e-mail activity"); *Kazakhstan v. Ketebaev*, No. 17-CV-00246-

5  LHK, 2017 U.S. Dist. LEXIS 211198, at *19 (N.D. Cal. Dec. 21, 2017) (finding no personal

6  jurisdiction where the defendant was alleged to have hacked Gmail accounts).

7       Second, it is not clear to the Court that Plaintiff's claim will withstand a motion to dismiss.

8  Plaintiff brings a single claim under the CFAA, alleging that Doe Defendant has either violated §

9  1030(a)(2)(C) (accessing a computer without authorization to obtain information from a protected

10  computer), § 1030(a)(4) (accessing a protected computer without authorization to commit fraud

11  and obtain anything of more than $5,000 value), or § 1030(a)(6)(A) (trafficking in passwords

12  through which a computer may be accessed without authorization if such trafficking affects

13  interstate or foreign commerce).

14       The Supreme Court has explained that the CFAA prohibits actual damage or impairment of

15  a protected computer, such as the corruption of files. *Van Buren v. United States*, 141 S. Ct. 1648,

16  1660 (2021) ("The statutory definitions of 'damage' and 'loss' thus focus on technological

17  harms—such as the corruption of files—of the type unauthorized users cause to computer systems

18  and data."). Likewise, the Ninth Circuit has found that "the CFAA's prohibition on accessing a

19  computer 'without authorization' is violated when a person circumvents a computer's generally

20  applicable rules regarding access permissions, such as username and password requirements to

21  gain access to a computer." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1200 (9th Cir. 2022).

22       Here, the crux of Plaintiff's claim is that Doe Defendant improperly accessed his various

23  accounts. (*See* Compl. ¶¶ 15-17.) While Plaintiff alleges that Doe Defendant obtained personal

24  and financial information from his computers, such allegations are conclusory; indeed, all of the

25  specific factual allegations make clear that Doe Defendant was hacking into and compromising

26  Plaintiff's @juno.com account, @yahoo.com account, @outlook.com account, and Truist Bank

27  account,, resetting passwords and using "unfamiliar computers" to log in to the accounts. (*See*

28  Compl. ¶¶ 15(b), (d), (e), (g), (j), (l), (n), (o), (p); 16; 17.) Likewise, Plaintiff alleges that Doe

3

1   Defendant accessed private data and personal identifying information from the Truist bank

2   account and Plaintiff's cloud storage tied to his @outlook.com account, and that Doe Defendant

3   continues to use "Plaintiff's identification information and data found within the compromised

4   @juno.com, @yahoo.com, and @outlook.com accounts to attempt to unlawfully access other

5   accounts of Plaintiff." (Compl. ¶¶ 15(k), 18, 20.) Thus, it is unclear that Doe Defendant has

6   improperly accessed Plaintiff's *computer*, rather than accessing his accounts using unknown

7   computers. Absent specific factual allegations of access to Plaintiff's computer or legal authority

8   that access to accounts is sufficient to constitute a violation of the CFAA, the Court cannot find

9   that Plaintiff's claim could withstand a motion to dismiss.

10        Accordingly, the Court DENIES Plaintiff's motion without prejudice.

11        IT IS SO ORDERED.

12   Dated: December 20, 2023

13   _____
     KANDIS A. WESTMORE
14   United States Magistrate Judge

United States District Court
Northern District of California

4